FRANK F. DUVIN, APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 4, 1977—Decided April 28, 1977.

Before Judges BISCHOFF, MORGAN and KING.

*Messrs. O'Brien, Devlin and Shaw,* attorneys for appellant (*Mr. William J. McNichol,* of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel and *Mr. Stacy L. Moore, Jr.,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KING, J. S. C., Temporarily Assigned. This is an appeal from a final determination of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denying a request from the appellant Duvin that he be permitted to file an application for accidental disability retirement pursuant to *N. J. S. A.* 43 :15A–43. We disagree with the determination of the Board and reverse.

The following chronology of events is pertinent. Appellant commenced his relevant employment with the City of Trenton, Department of Public Safety, Division of Garbage and Ashes, on December 26, 1950. He experienced a work-connected accident on September 1, 1971. On

January 21, 1974 appellant received an award from the Division of Workmen's Compensation of 40% of permanent partial disability as a result of the September 1, 1971 accident. On October 9, 1975 appellant requested a retirement benefit quotation from the Division of Pensions. Pursuant to this request appellant was furnished retirement forms, instructions and the PERS booklet on public retirement in New Jersey. This booklet described the various forms of retirement available, including the accidental disability retirement benefits appellant now seeks under *N. J. S. A.* 43:15A-43.

On November 24, 1975 appellant filed an application for early retirement under *N. J. S. A.* 43:15A-1, and then retired under this option effective January 1, 1976. This early retirement benefit was actuarially adjusted downward from $252.23 a month to $239.97 to reflect the payments by his employer of workmen's compensation benefits appellant was still receiving on the effective date of his early retirement, January 1, 1976. Information concerning the work-related accident and consequent disability award was contained on the application appellant filed for early retirement benefits on November 24, 1975.

On July 16, 1976, about 6½ months after the effective date of his retirement, and after allegedly securing legal advice for the first time, appellant filed a request for accidental disability retirement under *N. J. S. A.* 43:15A-43. Appellant continued to receive his workmen's compensation benefits until October 9, 1976 when the 222 weeks compensation award expired. By a letter determination, dated August 25, 1976, the PERS Board advised appellant's counsel that it was denying his application for accidental disability retirement "on the basis that Mr. Duvin has been receiving a retirement allowance since January 1, 1976 and is no longer an active member of the System which is required for eligibility to file for a retirement benefit." This appeal followed that administrative determination.

The sole legal basis alleged for the Board's declination of appellant's application for accidental disability retirement benefits is that he is not a "member" of PERS within the meaning of *N. J. S. A.* 43:15A–43 since he retired under *N. J. S. A.* 43:15A–41 about 6½ months prior to filing his application. It is well established that a public employee has only those pension rights and benefits which are derived from the applicable statutory provisions. See *Matthews v. Irvington Bd. of Ed.*, 31 *N. J. Super.* 292, 296 (App. Div. 1954).

The PERS statute, *N. J. S. A.* 43:15A–6 *et seq.*, does not use the expression nor does it define "active member," the language used by the Board in declining the application under consideration. *N. J. S. A.* 43:15A–6 *et seq.* does describe the "Membership of Retirement System" and under *N. J. S. A.* 43:15A–7(e) states: "Membership of any person in the retirement system shall cease if he shall discontinue his service for more than two consecutive years." No other subsection of the statute dealing with "membership" is remotely relevant to the cessation of membership in PERS. The statute does not state that "membership" ceases upon an election of benefits and retirement, as it well could if such had been the legislative design. The statute does not state that membership status ceases on any termination of public service, but rather states that membership shall cease upon discontinuation of service for more than two consecutive years. The term "discontinue his service" does not distinguish between retirement categories of withdrawal from service and other types of voluntary or nonvoluntary termination of service. In the absence of any legislative intent to the contrary we are controlled by the express statutory definition of membership in PERS.

Since appellant's application for accidental disability retirement benefits was filed within two years of discontinuation of service he was still a statutory member of PERS under the language of *N. J. S. A.* 43:15A–7(e). The Board was therefore in error in determining that "appel-

lant is no longer an active member of the System which is required for eligibility to file * * *." The controlling statute only requires that appellant be "a member" *N. J. S. A.* 43:15A–43, and he fulfills that qualification by virtue of the only pertinent definition of cessation of membership in the statute. *N. J. S. A.* 43:15A–7(e). Legislative concern with the assertion of stale or untimely claims is manifested by the mandate of *N. J. S. A.* 43:15A–43, which requires with narrow exception that an application for accidental disability retirement must be filed within five years of the original traumatic event, a condition which appellant here fulfills.

The determination of the PERS Board is reversed and the cause is remanded to the Board to permit appellant to file his application for accidental disability retirement benefits pursuant to *N. J. S. A.* 43:15A–43 and for consideration of such application on the merits consistent with the expressions in this opinion. We do not retain jurisdiction.

Reversed.